1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| NERY ORLANDO QUINTANILLA, Petitioner, vs. MARION SPEARMAN (Warden), Respondent. | Case No. CV 15-1132-PSG (RNB)  ORDER TO SHOW CAUSE |

17      Petitioner, who currently is confined at a state prison facility in Soledad,

18  California, constructively filed a Petition for Writ of Habeas Corpus by a Person in

19  State Custody herein on January 11, 2015 (proof of service date).[1]  The Petition

20  purported to be directed to a 2007 judgment of conviction sustained by petitioner in

21  Los Angeles County Superior Court for two crimes against a child–aggravated sexual

22  assault and forcible lewd act.  The operative petition is the First Amended Petition

23  "FAP") filed by petitioner on April 13, 2015, in which petitioner is alleging two

24  grounds for relief: a claim directed to the trial court's denial of his motion to suppress

25
26
27
28

[1]      The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).

1

statements he made during a police interview/interrogation on April 3, 2006; and an insufficiency of the evidence claim.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim

---

[2]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1    or claims presented could have been discovered through the

2    exercise of due diligence."

3

4    Here, it appears from the face of the FAP that petitioner's Petition for Review

5    was denied by the California Supreme Court on April 22, 2009. Thus, "the date on

6    which the judgment became final by conclusion of direct review or the expiration of

7    the time for seeking such review" was July 21, 2009, when the 90-day period for

8    petitioner to petition the United States Supreme Court for a writ of certiorari expired.

9    See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286

10   n.2. Moreover, given the nature of petitioner's two claims herein, it does not appear

11   that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here. See

12   Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations

13   begins to run when a prisoner "knows (or through diligence could discover) the

14   important facts, not when the prisoner recognizes their legal significance"). Thus,

15   unless a basis for tolling the statute existed, petitioner's last day to file his federal

16   habeas petition was July 21, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1246

17   (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

18   28 U.S.C. § 2244(d)(2) provides:

19   "The time during which a properly filed application for State post-

20   conviction or other collateral review with respect to the pertinent

21   judgment or claim is pending shall not be counted toward any period of

22   limitation under this subsection."

23

24   In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104

25   (2000), the Ninth Circuit construed the foregoing tolling provision with reference to

26   California's post-conviction procedures. The Ninth Circuit held that "the statute of

27   limitations is tolled from the time the first state habeas petition is filed until the

28   California Supreme Court rejects the petitioner's final collateral challenge." See id.

1    at 1006. <u>Accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.

2    2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's

3    application for collateral review remains "pending" during the intervals between the

4    time a lower state court denies the application and the time the petitioner files a

5    further petition in a higher state court). However, the statute of limitations is not

6    tolled during the interval between the date on which the judgment of conviction

7    became final and the filing of the petitioner's first collateral challenge. <u>See Nino</u>, 183

8    F.3d at 1006.

9        Here, it appears from the face of the Petition and the attachments thereto that

10   petitioner's first collateral challenge was the Los Angeles County Superior Court

11   habeas petition that he constructively filed on or about August 13, 2009, in which he

12   raised claims generally corresponding to the two grounds for relief being alleged in

13   the FAP. That petition was summarily denied on August 31, 2009. As a result of its

14   pendency, petitioner's federal filing deadline was extended by 19 days to August 9,

15   2010.

16       However, petitioner would not be entitled to any statutory tolling for the 3-1/2

17   year interval between the August 31, 2009 denial of his first Superior Court habeas

18   petition and the filing of his next state court collateral challenge--i.e., his second

19   Superior Court habeas petition filed in March 2014, in which he alleged an

20   ineffective assistance of counsel during plea bargaining claim. <u>See King v. Roe</u>, 340

21   F.3d 821, 823 (9th Cir. 2003) (holding that when a petitioner files two rounds of state

22   petitions, and either the second round of petitions are denied as untimely, or the

23   second round of petitions are not limited to an elaboration of the facts relating to the

24   claims raised in the first round of petitions, the gap between the two rounds is not

25   tolled under any circumstance); <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001) (no

26   interval tolling accorded for interval between successive California Supreme Court

27   habeas petitions); <u>see also, e.g.</u>, <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1043 (9th Cir.

28   2005) ("a California habeas applicant is not entitled to interval tolling if he abandons

4

1  all of his claims in his first state habeas application and his second state habeas
2  application sets forth new and different claims"), modified on other grds, 447 F.3d
3  1165 (2006), cert. denied, 549 U.S. 1134 (2007).

4       Nor would petitioner be entitled to any statutory tolling for the pendency of his
5  prior federal habeas petition in Case No. CV 10-4078-PSG (RNB), which was
6  dismissed without prejudice on October 19, 2010 for failure to exhaust state remedies.
7  See Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

8       Petitioner also would not be entitled to any statutory tolling for the pendency
9  of his second Superior Court habeas petition or to any statutory tolling as a result of
10 his filing of any of his subsequent state habeas petitions because, by the time
11 petitioner filed his second Superior Court habeas petition in March 2014, the
12 limitation period already had run over 3-1/2 years earlier and could not be reinitiated.
13 See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d)
14 "does not permit the reinitiation of the limitations period that has ended before the
15 state petition was filed," even if the state petition was timely filed), cert. denied, 540
16 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v.
17 Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143
18 (2002).

19      In Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130
20 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is
21 subject to equitable tolling in appropriate cases.  However, in order to be entitled to
22 equitable tolling, the petitioner must show both that (1) he has been pursuing his
23 rights diligently, and (2) some extraordinary circumstance stood in his way and
24 prevented his timely filing.  See Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S.
25 at 418).  The Ninth Circuit has held that the Pace standard is consistent with the Ninth
26 Circuit's "sparing application of the doctrine of equitable tolling."   See Waldron-
27 Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244
28 (2009).  Thus, "[t]he petitioner must show that 'the extraordinary circumstances were

5

the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Here, it does not appear from the face of the FAP or the attachments thereto that petitioner has any basis for equitable tolling of the limitation period. The Court notes in this regard that neither the lack of legal sophistication, nor the lack of legal training, nor the lack of legal assistance, nor ignorance of the law, constitutes an "extraordinary circumstance" entitling petitioner to any equitable tolling of the limitation period. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling), cert. denied, 525 U.S. 891 (1998); Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the

1  AEDPA statute of limitations); <u>Singletary v. Newland</u>, 2001 WL 1220738, at *2

2  (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal

3  habeas relief is not considered an extraordinary circumstance or external factor for

4  purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not

5  even provide a sufficient basis for equitable tolling."); <u>Ekenberg v. Lewis</u>, 1999 WL

6  13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal

7  assistance do not constitute such extraordinary circumstances."); <u>Bolds v. Newland</u>,

8  1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack

9  of legal assistance do not constitute such extraordinary circumstances."); <u>see also</u>

10  <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991) (holding that

11  neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the

12  legal process," nor "lack of representation during the applicable filing period," nor

13  "illiteracy," provides a basis for equitable tolling).  Moreover, it does not appear from

14  the face of the FAP and attachments thereto that petitioner was pursuing his rights

15  diligently during the 3-1/2 year interval between the denial of his first Superior Court

16  habeas petition and the filing of his second Superior Court habeas petition.

17      It therefore appears to the Court that, when the original Petition herein was

18  constructively filed on or about January 11, 2015, it was untimely by 4 years and 5

19  months.

20      The Ninth Circuit has held that the district court has the authority to raise the

21  statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the

22  Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule

23  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so

24  long as the Court "provides the petitioner with adequate notice and an opportunity to

25  respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>,

26  260 F.3d 1039, 1042-43 (9th Cir. 2001).

27  //

28  //

7

1    IT THEREFORE IS ORDERED that, on or before **May 29, 2015**, petitioner

2  show cause in writing, if any he has, why the Court should not recommend that this

3  action be dismissed with prejudice on the ground of untimeliness.

4

5

6  DATED:  April 24, 2015

7

8  _____

9  ROBERT N. BLOCK
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8